

55 Broadway, 10th Floor
New York, N.Y. 10006
T: 212-363-7575
F: 212-363-7171
www.zlk.com

Adam Apton
aapton@zlk.com

March 10, 2020

**VIA ECF**

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:    *In re Hexo Corp. Securities Litigation*
> Docket No.: 1:19-cv-10965-NRB

Dear Judge Buchwald:

We represent movant Chi Fung Wong. Mr. Wong moved for lead plaintiff in this action. The Court denied his motion on February 25, 2020 (Dkt. No. 78). Mr. Wong now moves for reconsideration and, pursuant to the Court's individual practice rules, submits this letter outlining the substantive argument advanced in the motion.

The Securities Exchange Act of 1934, as modified by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, provides a rigid three-step process for courts to follow when adjudicating competing motions for lead plaintiff. The movant with the "largest financial interest" in the action that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure" is entitled to a statutory presumption that he or she is the "most adequate plaintiff" to serve as the lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii). To rebut this presumption, a competing movant must provide "proof" of inadequacy. *Id*.

Mr. Wong argues in his motion that the Court did not adhere to this process, as required by statute. Though the Court correctly held that Mr. Wong possessed the "largest financial interest" in the litigation, it declined to apply the statutory presumption in his favor. The Court held that Mr. Wong failed to make a *prima facie* showing of "adequacy" because it was "skeptical" of Mr. Wong's "sophistication." The Court then decided to appoint movants Timothy Sweeney and John B. Medley (the "Sweeney Group") as the lead plaintiffs instead who, "[b]y contrast," appeared better suited to represent the class. The Court's holding in this regard constituted a clear legal error.

The Court initially erred when holding that Mr. Wong's evidentiary showing was insufficient to establish a preliminary showing of adequacy. In the twenty-five years since Congress enacted the PSLRA, courts within this District have decided hundreds of lead plaintiff motions. Those decisions have held, consistently, that a movant need only make a "preliminary showing" of adequacy at the lead plaintiff stage to trigger the statutory presumption in his or her favor. Most often, this showing consists of nothing more than the movant's PSLRA certification and the fact that he or she retained competent counsel to litigate the case. Indeed, though the Court cited cases appearing to set a higher evidentiary burden, those cases in fact confirm that

Page 2 of 2
March 10, 2020

Mr. Wong exceeded the requirements. *See*, *e.g.*, *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 413-14 (S.D.N.Y. 2004) (holding that movant was adequate based on certification, decision to retain counsel, and absence of any conflict with class, and rejecting argument that movant failed to provide additional information about background). This is especially true given that Mr. Wong filed a declaration in support of his motion providing additional information in response to the Sweeney Group's questions about his background and investment experience.

The Court compounded its error when it pitted Mr. Wong's evidentiary showing against that of the Sweeney Group and compared the movants on the basis of "sophistication." One critical component of the PSLRA is that it prohibits courts from engaging in this exact sort of "beauty contest" between movants. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *accord Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *8 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *4 (S.D.N.Y. Nov. 13, 2017); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535-36 (S.D.N.Y. 2015); *Vladimir v. Bioenvision*, No. 07 Civ. 6416 (SHS) (AJP), 2007 U.S. Dist. LEXIS 93470, at *22 (S.D.N.Y. Dec. 21, 2007); *Pirelli*, 229 F.R.D. at 411-12.

In sum, Mr. Wong was entitled to the statutory presumption of "most adequate plaintiff" to serve as the lead plaintiff in this action. None of the other movants questioned his "sophistication" let alone provided "proof" of his inadequacy. For that reason, Mr. Wong should have been appointed as the lead plaintiff under the PSLRA.

Respectfully,

Levi & Korsinsky, LLP


By:   s/ Adam Apton_____
       Adam M. Apton