**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE HEXO CORP.
SECURITIES LITIGATION                No. 1:19-cv-10965-NRB

**MEMORANDUM OF LAW IN OPPOSITION TO**
**CHI FUNG WONG'S MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................... 1

ARGUMENT ......................................................................................................... 4

   I.  MOTIONS FOR RECONSIDERATION HAVE EXTREMELY DEMANDING
      STANDARDS AND ARE RARELY GRANTED.............................................. 4

  II.  WONG HAS NOT MET HIS HIGH BURDEN TO DEMONSTRATE THAT THIS
      COURT COMMITTED "CLEAR ERROR"...................................................... 5

        A. The Court Used the Correct Adequacy Standard............................... 5

        B. The Court Properly Applied the Adequacy Standards........................ 7

        C. Wong's "Clear Error" Argument Is Bankrupt .................................... 8

            1.     Wong Did Not Show *Prima Facie* Adequacy ............................... 8

            2.     The Court Did Not Engage in a "Beauty Contest" –
                   Although It Is Allowable in this Circuit ...................................... 12

CONCLUSION...................................................................................................... 13

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Atwood v. Intercept Pharm., Inc.*,
 299 F.R.D. 414 (S.D.N.Y. 2014)........................................................................................... 10

*Blackmoss Inv., Inc. v. ACA Capital Holdings, Inc.*,
 252 F.R.D. 188 (S.D.N.Y. 2008).......................................................................................... 6, 9

*Brady v. Top Ships Inc.*,
 324 F. Supp. 3d 335 (E.D.N.Y. 2018)................................................................................... 13

*Christoforou v. Cadman Plaza N., Inc.*,
 No. 04 Civ. 8403 (KMW), 2009 WL 723003 (S.D.N.Y. Mar. 19, 2009)............................. 2, 5

*Cullinan v. Cemtrex, Inc.*,
 287 F. Supp. 3d 277 (E.D.N.Y. 2018)................................................................................... 12

*Drapkin v. Mafco Consol. Grp., Inc.*,
 818 F. Supp. 2d 678 (S.D.N.Y. 2011).................................................................................... 4

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011)............................................................................................ 6

*Gronich v. Omega Healthcare Inv'rs., Inc.*,
 No. 17 Civ. 8983 (NRB), 2018 WL 1626078, (S.D.N.Y. Mar. 27, 2018)............................. 10

*In re Barrick Gold Corp. Sec. Litig.*,
 No. 17 Civ. 3507 (NRB), 2017 WL 4862779 (S.D.N.Y. Oct. 4, 2017)................................. 10

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002)................................................................................................. 13

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001)................................................................................................... 13

*In re eSpeed, Inc. Sec. Litig.*,
 232 F.R.D. 95 (S.D.N.Y. 2005).............................................................................................. 6

*In re Houbigant, Inc.*,
 914 F. Supp. 997 (S.D.N.Y. 1996)......................................................................................... 5

*In re LightInTheBox Holding Co., Ltd. Sec. Litig.*,
   No. 13 Civ. 6016 (PKC), 2014 WL 129043 (S.D.N.Y. Jan. 14, 2014)...................................... 5

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*,
   616 F. Supp. 2d 461 (S.D.N.Y. 2009).................................................................................. 6, 7

*Karp v. Diebold Nixdorf, Inc. ("Karp 1"),*
   No. 19 Civ. 6180 (LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ......................... 7, 9, 12

*Karp v. Diebold Nixdorf, Inc. ("Karp II"),*
   No. 19 Civ. 6180 (LAP), 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019).............................. 2, 4, 5

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2018).................................................................................... 13

*Mustafin v. Greensky, Inc.*,
   No. 18 Civ. 11071 (PAE), 2019 WL 1428594 (S.D.N.Y. Oct. 30, 2019) ................................ 12

*Ogden v. AmeriCredit Corp.*,
   225 F.R.D. 529 (N.D. Tex. 2005) ......................................................................................... 6

*Perez v. HEXO*,
   Nos. 19 Civ. 10965 (NRB), 20 Civ. 00196 (NRB),
   2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) ................................................................... *passim*

*Peters v. Jinkosolar Holding Co., Ltd.*,
   No. 11 CIV. 7133 (JPO), 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) .................................... 5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v.. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004)..................................................................................... *passim*

*Pradeep Mahapatra v. Fuqi Int'l, Inc.*,
   No. 10 Civ. 2515 (DAB), 2010 WL 11575585 (S.D.N.Y. July 26, 2010)............................... 12

*Schulman v. Lumenis, Ltd.*,
   No. 02 Civ. 1989 (DAB), 2003 WL 21415287 (S.D.N.Y. June 18, 2003).............................. 13

*Shrader v, CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995).................................................................................................... 4

Statutes

15 U.S.C. 78u-4 ...................................................................................................... 6, 11, 12

Lead Plaintiffs John B. Medley and Timothy Sweeney ("Medley & Sweeney") submit this memorandum of law in opposition to Chi Fung Wong's ("Wong") motion for reconsideration of the Court's February 25, 2020 order appointing Medley & Sweeney as the Lead Plaintiffs in this action (the "Order").[1]

## PRELIMINARY STATEMENT

Wong filed a deficient lead plaintiff motion that failed to demonstrate his *prima facie* adequacy under Rule 23 of the Federal Rules of Civil Procedure, and cast his ability to oversee counsel and the prosecution of this action into serious doubt. This Court applied the correct standard for assessing lead plaintiff movants, considered all of the arguments made by the competing movants, and provided valid reasons based on facts and applicable case law for its decision to deny Wong's motion and to grant Medley & Sweeney's motion. Disappointed by the Court's holding, Wong has now taken the extraordinary step of filing a motion for reconsideration, boldly claiming that this Court committed a "clear error of law". It did no such thing. Wong's motion is meritless and should be denied.

As a threshold matter, motions for reconsideration are only granted in the very rare circumstance where there is an intervening change in controlling law, new evidence, or a need to correct a clear error or prevent manifest injustice. None of these very rare circumstances exist here. Wong claims the Court's finding constituted "a clear error of law" (Br. 1, 2, 5), but his claim is groundless, and he does not come close to satisfying the heavy burden on his motion. As detailed *infra*, this Court applied the correct adequacy standard, weighed the arguments made by each movant, and provided valid reasons based on facts and relevant case law to reach its holding. In the end, the Court found that Wong's bare motion failed to make a *prima facie*

---

[1] The Order will be cited to as *Perez v. HEXO*, Nos. 19 Civ. 10965 (NRB), 20 Civ. 00196 (NRB), 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020). "Br. _" refers to Wong's motion.

showing of adequacy and raised serious doubts as to his ability and willingness to monitor counsel or oversee this case.  Granting Wong's motion, therefore, would have undermined the very purpose of the Private Securities Litigation Reform Act of 1995 ("PSLRA") – putting securities class actions in the hands of involved investors, not lawyers.[2]

Wong may not like the Court's holding, but applying the correct facts and law as the Court has done is simply not a "clear error of law", and Wong's attempt to "relitigate an issue already decided" based on his disappointment is not grounds for reconsideration.  *Christoforou v. Cadman Plaza N., Inc.*, No. 04 Civ. 8403 (KMW), 2009 WL 723003, at *7 (S.D.N.Y. Mar. 19, 2009).  Courts routinely reject motions to reconsider in the lead plaintiff context under these circumstances.  *See, e.g., Karp v. Diebold Nixdorf, Inc.* ("*Karp II*"), No. 19 Civ. 6180 (LAP), 2019 WL 6619351, at *1 (S.D.N.Y. Dec. 5, 2019).

In applying the correct standard for assessing adequacy at the lead plaintiff stage, the Court found, *inter alia*, that Wong failed to provide "*any* information regarding his experience in his preliminary motion", only "vague" information about himself on reply, and that the foregoing did not amount to the requisite *prima facie* showing of adequacy under Rule 23.  *Perez*, 2020 WL 905753, at *3.  The Court also considered, *inter alia*, that the dearth of information about Wong precluded "the necessary inquiry into whether Wong has any conflicts with other class members".  *Id*.  These deficiencies alone are fatal and the Court rightfully "question[ed] whether

---

[2] To that end, Wong's motion for reconsideration also appears lawyer-driven. The Order removed any potential economic interest in this case from Wong's counsel, but not from Wong who remains an absent member of the proposed Class and is adequately represented by the Court-appointed Lead Plaintiffs. The Court should be dubious of who is truly behind Wong's motion for reconsideration.

Wong will meaningfully oversee and control the prosecution of this consolidated class action" and thus denied Wong's motion. *Id*.[3]

Wong brazenly claims he satisfied his *prima facie* showing of adequacy by signing a bare bones certification and making an equally bare motion. He is wrong. Wong was opaque with the Court, making it impossible to determine if he had any conflicts with the Class, and his motion also raised significant questions about his ability and willingness to oversee counsel and this action. These are core considerations for determining any movant's *prima facie* adequacy and the Court was right to be concerned. Wong made his bed and now he must lie in it.

Notably, the Court's Order was also supported by applicable case law, which further demonstrates that there was no "clear error of law" here. Wong argues that some of the cases that the Court cited to in the Order actually support his argument, but they do no such thing. As set forth herein, Wong simply ignores the validity of the well-settled principle that experience and resources are relevant to the adequacy inquiry, and disregards that the cases differ in significant ways that fatally undermine his argument. *See infra* at 9-10.

Finally, Wong claims that this Court improperly turned the adequacy determination into a "beauty contest" between movants. That is inaccurate. The Court found Wong inadequate and, thus, not entitled to presumptive lead plaintiff status under the PSLRA. The Court then went down the line to Medley & Sweeney finding that they, in contrast to Wong, made a *prima facie* showing of adequacy. Regardless, Wong's argument is of no moment because there is no Second Circuit authority precluding a court from comparing the adequacy of movants; nor does

---

[3] In reaching its holding, the Court also considered other significant factors evidencing Wong's inadequacy, including whether Wong's motion was authorized when filed and when he retained counsel. The Order acknowledged these factors by quoting Michael Luca's submission, in relevant part, as follows: "virtually nothing is known about Chi Fung Wong except his signature to a vanilla certification which does not even indicate that he retained counsel or knows he is moving to be a lead plaintiff". *Id.* at *3 n.6. It is not a coincidence that the Court "question[ed] Wong's ability to meaningfully oversee and control the prosecution of this…action." *Id.* at *3.

Wong cite to any such authority. In fact, courts in this District have performed comparative adequacy analyses on lead plaintiff motions when necessary. *See infra* at 13 n.9. Here, however, it was unnecessary because Wong failed to make his *prima facie* showing of adequacy.

For these reasons, Medley & Sweeney respectfully request that the Court deny Wong's motion for reconsideration.[4]

**ARGUMENT**

## I.  MOTIONS FOR RECONSIDERATION HAVE EXTREMELY DEMANDING STANDARDS AND ARE RARELY GRANTED

Wong has not come close to meeting the heavy burden required of him on a motion for reconsideration. It is black letter law that "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Karp v. Diebold Nixdorf, Inc.* ("*Karp II*"), No. 19 Civ. 6180 (LAP), 2019 WL 6619351, at *1 (S.D.N.Y. Dec. 5, 2019) (citing *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). The Second Circuit has explained that "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v, CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Specifically, motions for reconsideration "are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." *Karp II*, 2019 WL 6619351, at *1. None of these limited circumstances exist here. Moreover, "[r]econsideration should not be granted where the moving party seeks solely to

---

[4] It is also important to note that since being appointed by the Court, Lead Plaintiffs and Lead Counsel have been diligently working with a financial expert and investigators, and have spent dozens of hours drafting the amended complaint that is due to be filed on May 1, 2020.

4

relitigate an issue already decided[.]" *Christoforou*, 2009 WL 723003, at *7. Disappointment in a court's holding is not grounds for reconsideration.

Courts in this District regularly deny motions to reconsider lead plaintiff determinations where, like here, the movants failed to demonstrate an intervening change in controlling law, new evidence, or a need to "correct a clear error or prevent a manifest injustice." *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 CIV. 7133 JPO, 2012 WL 946875, at *3 (S.D.N.Y. Mar. 19, 2012). *See, e.g.*, *Karp II*, 2019 WL 6619351, at *1; *Peters*, 2012 WL 946875, at *3; *In re LightInTheBox Holding Co., Ltd. Sec. Litig.*, No. 13 Civ. 6016(PKC), 2014 WL 129043, at *3 (S.D.N.Y. Jan. 14, 2014).

Although, as noted above, it is well-settled that a motion for reconsideration is not a chance to reargue "issues already considered when a party does not like the way the original motion was resolved" (*In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)), that is precisely what Wong has done here. Accordingly, Wong's motion should be denied.

## II.    WONG HAS NOT MET HIS HIGH BURDEN TO DEMONSTRATE THAT THIS COURT COMMITTED "CLEAR ERROR"

Wong boldly claims that the Court's findings in the Order were "clear error", but he has no real basis for making that assertion. In the Order, this Court applied the correct adequacy standards, considered the arguments of each of the competing movants, and supported its holding with facts, case law, and cogent reasoning. The mere fact that Wong does not like the Court's conclusion is not a valid basis for reconsideration.

### A.    The Court Used the Correct Adequacy Standard

The Court undeniably used the correct adequacy standard in evaluating the movants. After noting that typicality and adequacy are the relevant Rule 23 provisions on a lead plaintiff motion (*Perez*, 2020 WL 905753, at *2), the Court correctly stated that the adequacy

requirement is generally satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation, (2) there is no conflict between the proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id*. (citing *Foley v. Transocean Ltd*., 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

The Court further noted that the ability to meaningfully select and oversee counsel is relevant to the adequacy inquiry:

> The PSLRA sought to ensure that courts would appoint a lead plaintiff – 'frequently a large institution or otherwise sophisticated investor' – who 'would be motivated to act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation [is] delivered at a reasonable price'". To that end, an investor seeking to be appointed lead plaintiff – though he need only make a preliminary showing that he satisfies the requirements of Rule 23, *see In re eSpeed, Inc. Sec. Litig*., 232 F.R.D. 95, 102 (S.D.N.Y. 2005) – 'nonetheless need[s] to provide enough information to make [that] preliminary showing[.]'

*Perez*, 2020 WL 905753, at *2. This makes sense as the impetus of the PSLRA was to put securities class actions in the hands of investors who would "meaningfully oversee" such cases. *See id*.; *cf*. 15 U.S.C. 78u-4; *Ogden v. AmeriCredit Corp*., 225 F.R.D. 529, 536 (N.D. Tex. 2005) ("failure to monitor" counsel undermined Rule 23 adequacy").

The Court also noted that "in evaluating adequacy, courts also consider such factors as the 'available resources and experience of the proposed lead plaintiff.'" *Perez*, 2020 WL 905753, at *2 (citing *Blackmoss Inv., Inc. v. ACA Capital Holdings, Inc*., 252 F.R.D. 188, 191 (S.D.N.Y. 2008)). The Court explained that these factors related to monitoring of counsel because they "served as a proxy for the movant's financial and legal sophistication and, in turn, the likelihood that the movant will play a meaningful role in limiting the 'lawyer-driven litigation that the PSLRA was designed to curtail[.]'" *Perez*, 2020 WL 905753, at *2 (citing *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616

6

F. Supp. 2d 461, 464 (S.D.N.Y. 2009)).   Wong concedes that the PSLRA was intended to "restore order" (Br. 3) and put ***engaged*** investors in charge of securities class actions – but ignores that his own actions demonstrated precisely the opposite.   Nevertheless, there can be no dispute that this Court utilized the correct standards for assessing *prima facie* adequacy.

### B.      The Court Properly Applied the Adequacy Standards

The Court correctly applied the right adequacy standards to the facts here.   In so doing, the Court found that Wong did not demonstrate the requisite *prima facie* adequacy to serve as lead plaintiff because he provided no information about himself whatsoever in the initial instance and only "vague" information about himself on reply after being challenged. *Perez*, 2020 WL 905753, at *3.   These deficiencies, among others, raised serious questions about Wong's "conflicts with other class members" and were fatal to his ability to "meaningfully oversee…this action":

> [Medley & Sweeney] note…that Wong's initial motion "provided no information about himself whatsoever, e.g., his investment history, educational background, etc.," thereby precluding the necessary inquiry into whether Wong has any conflicts with other class members….   In response, Wong submitted a sworn declaration stating, in relevant part, that he resides in Reno, Nevada, holds a Bachelor of Science degree in Engineering, that he is retired but previously worked as an engineer, and that he has been investing in securities for more than 25 years….   In his reply brief, Wong's counsel notes only that "[s]ince Mr. Wong is now retired, he has no issue devoting the time needed to effectively and vigorously pursue these Actions on behalf of the Class."…
>
> Notwithstanding this additional (albeit vague) information, the Court is skeptical that Wong – an individual investor about whom little is known – possesses the requisite sophistication to serve as lead plaintiff in this action….   ***Indeed, given Wong's failure to provide any information regarding his experience in his preliminary motion, the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action***. Cf. *Karp I*, 2019 WL 5587148, at *6 (declining to appoint individual investor movants as lead plaintiff where movants had, inter alia, failed to make a preliminary showing of adequacy under Rule 23).

*Perez*, 2020 WL 905753, at *3 (emphasis added).

The Court further noted that Movant Luca had argued that "virtually nothing is known about Chi Fung Wong except his signature to a vanilla certification which does not even indicate that he retained counsel or knows he is moving to be a lead plaintiff". *Id*. at *3 n.7.[5]  It is not a coincidence that the Court's holding ultimately questioned Wong's ability to oversee the prosecution of this action.  Wong shirked core considerations of the adequacy inquiry and bizarrely now wants to be rewarded for having done so.  The Court should not allow it.

### C.    Wong's "Clear Error" Argument Is Bankrupt

#### 1.  Wong Did Not Show *Prima Facie* Adequacy

Wong audaciously claims that he met the *prima facie* adequacy requirements simply by filing a bare bones certification and equally bare motion, and accuses this Court of committing a "clear error of law" by finding otherwise.  Wong is wrong; it is not "clear error" for a court to consider the facts and reach a conclusion amply supported by the law.  The facts here are that Wong failed to demonstrate *prima facie* adequacy because he did not provide *any* information about himself initially and only "vague" information about himself on reply.  *See supra* at 7. The Court was well within its right to find that these deficiencies, among others, left open serious questions about Wong's potential conflicts with other Class members and his ability to oversee his counsel and prosecute this action.  *Id*.  These are central concerns relevant to the *prima facie* adequacy requirement that Wong ignored; they cannot be minimized now, and Wong should not be rewarded for filing a deficient motion.

---

[5] Medley & Sweeney similarly argued that there were issues surrounding the purported timing of Wong's retention of counsel and the artful language describing it.  *See* ECF Nos. 73, 77.  These issues, which were not cured but only exacerbated in Wong's reply (*e.g.,* with a nonsensical explanation that Wong would "retain" his counsel, who he supposedly already retained, separately for the Class if he was appointed Lead Plaintiff (ECF No. 74 at 4-5)), further undermine Wong's ability to "meaningfully oversee" this case. *Perez*, 2020 WL 905753, at *3.

Moreover, there was no "clear error of law" here because the Court's Order was also supported by relevant case law. Wong desperately attempts to spin the cases cited to by the Court in his favor, but his efforts are to no avail. As an initial matter, in *Karp v. Diebold Nixdorf, Inc.* (*"Karp I"*), No. 19 Civ. 6180 (LAP), 2019 WL 5587148, at \*5 (S.D.N.Y. Oct. 30, 2019), Judge Preska, like the Court here, noted that "size, available resources and experience" were part of "evaluating" a proposed lead plaintiff's adequacy. *Id*. This principle, recognized by many courts, is valid. Wong, nevertheless, seeks to distinguish *Karp I* by arguing that the Aroras in *Karp I*, unlike him, were found inadequate because they made errors on their certification – not because they provided "the Court with little to go on with respect to their alleged capacity to manage this litigation[.]" Br. 7. That is a misreading of *Karp I*. The court in *Karp I* found that both the lack of information on the Aroras *and* the errors in their certification rendered them inadequate. *See Karp I*, 2019 WL5587148, at \*6 ("the Aroras, as individual investors, have provided the Court with little to go on with respect to their alleged capacity to manage this litigation…. Moreover, the Court is disquieted by the errors contained in the Aroras' original submissions").

Wong also fails to distinguish *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395 (S.D.N.Y. 2004) and *Blackmoss Investments*, 252 F.R.D. at 191. First, the principle from *Pirelli* that this Court cited to is (again) valid; namely, that "[w]hile the size, available resources or even experience of a candidate are not dispositive factors in appointing a lead plaintiff, ***they are nonetheless relevant to reaching a determination as to whether a candidate will be capable of adequately protecting the interests of the class.***" *Pirelli*, 229 F.R.D. at 417 (emphasis added). Thus, this Court properly cited to *Pirelli* to support its finding that the experience and resources of Wong were relevant to the adequacy inquiry.

Second, Wong's attempt to tether himself to the court-appointed lead plaintiffs in *Pirelli* falls flat.  Wong claims that the court-appointed lead plaintiffs in *Pirelli* satisfied the adequacy standards simply by signing certifications and moving for lead plaintiff, but that is not the case.  The movants in *Pirelli*, unlike Wong, were far from unknown quantities.  In *Pirelli*, the court appointed CalPers – one of the largest institutional investors in the country whose location, background, and more was very well known – and Empire Health ("Empire"), a business about which the Court also had detailed information.  *Pirelli*, 229 F.R.D. at 400-01, 417.  Thus, Wong's claim that the Court had as much information about him as the *Pirelli* court had about the lead plaintiffs it appointed is false.  Further, in *Pirelli*, CalPers and Empire both filed a complaint, demonstrating their involvement in the action – in stark contrast, the Court found Wong wanting in his involvement here.  *Id*. at 413; *Perez*, 2020 WL 905753, at *3.  In sum, *Pirelli* in no way, shape, or form supports Wong's cause.

Likewise, the *Blackmoss* court does not lend any support to Wong.  In fact, in *Blackmoss*, as in *Pirelli* and *Karp I*, the court noted that "[i]n evaluating adequacy, courts have assessed factors such as…the size, available resources and experience of the proposed lead plaintiff[.]" *Id.*  As discussed above, this principle is valid.  The Court, thus, properly cited to *Blackmoss* as well.[6]

Wong also misunderstands the structure of the PSLRA's lead plaintiff provision.  Wong claims that the Court committed clear error by not giving him the statutory presumption under

---

[6] Wong also cites several lead plaintiff decisions by this Court that have no bearing here and do not support his motion  – *In re Barrick Gold Corp. Sec. Litig.*, No. 17 Civ 3507 (NRB), 2017 WL 4862779, at *3 (S.D.N.Y. Oct. 4, 2017); *Atwood v. Intercept Pharm., Inc.*, 299 F.R.D. 414, 416-17 (S.D.N.Y. 2014); and *Gronich v. Omega Healthcare Inv'rs., Inc.*, No. 17 Civ. 8983 (NRB), 2018 WL 1626078, at *2-3 (S.D.N.Y. Mar. 27, 2018).  In *Barrick Gold* and *Atwood*, there were no adequacy challenges.  In *Gronich*, unlike here, "no competing movant suggest[ed]" that there were any open questions about conflicts and the other adequacy arguments were that institutional investors had pride of place irrespective of financial interest and that one of  the law firms had issued numerous press releases.  *Id*. at *3-4.  Thus, these cases have no bearing here nor do they support Wong's motion.

the PSLRA.  *See* Br. 1 ("Although Wong was the movant with the 'largest financial interest' in the litigation ***and, therefore***, presumed to be the most adequate lead plaintiff…") (emphasis added).  But, while the Court did look at Wong first based on his claimed financial interest, Wong was not entitled to the statutory presumption because the Court found that he did not demonstrate *prima facie* adequacy, and the presumption only goes to the movant who has the largest financial interest ***and*** has made a *prima facie* showing of adequacy.  *See* 15 U.S.C. 78u-4. That is black letter law.  Again, the Court correctly applied the PSLRA's standard.

Wong further claims that Medley & Sweeney did not argue that Wong's lack of sophistication would undermine his ability to manage this action and, thus, that the Court wrongly addressed Wong's background *sua sponte*.  That too is inaccurate.  First, Medley & Sweeney argued, *inter alia*, that Wong's motion "***raises questions as to who is running the case, he or his lawyers***".  ECF No. 73 at 3 (emphasis added).  Movant Luca made a similar argument that the Court recognized.  ECF No. 72 at 2.  Similarly, Wong wrongly claims that "[n]ot one of the other ten movants…ever accused Wong of lacking the sophistication necessary to serve as lead plaintiff."  Br. 6.  Movant Luca did. *See* ECF No. 72 at 2.  Regardless, courts are allowed to *sua sponte* make findings based on their own analyses.

Second, Medley & Sweeney could not otherwise address Wong's sophistication on opposition or reply because by the time both briefs came due Wong still had not provided one fact about himself.  Wong cannot withhold his background information and then claim no one raised arguments about his background.  That is absurd.[7]

---

[7] Wong also argues that the only "skepticism" the Court should have exercised was of Medley & Sweeney as a group.  Br. at 6 n.1.  Wong's claim has no merit.  The PSLRA explicitly approves groups (*see* 15 U.S.C. 78u-4) and courts in this District routinely appoint small cohesive groups like Medley & Sweeney, particularly where they provide substantial information about their adequacy, sophistication, and ability to work together to oversee the action.  *See, e.g., Mustafin v. Greensky, Inc.*, No. 18 Civ. 11071 (PAE), 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (group of three investors that submitted

### 2. The Court Did Not Engage in a "Beauty Contest" – Although It Is Allowable in this Circuit

Finally, Wong claims this Court's finding on adequacy was "clear error" because he was not found inadequate – only less adequate than Medley & Sweeney. That is wrong. The Court found Wong inadequate and, thus, denied him the presumption of being the most adequate lead plaintiff. *See supra* at 7. After finding Wong inadequate, the Court evaluated Medley & Sweeney, noting that their adequacy starkly contrasted to Wong's inadequacy:

> Indeed, given Wong's failure to provide any information regarding his experience in his preliminary motion, the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action. *Cf. Karp I*, 2019 WL 5587148, at *6 (declining to appoint individual investor movants as lead plaintiff where movants had, inter alia, failed to make a preliminary showing of adequacy under Rule 23).
>
> ***By contrast***, Medley and Sweeney, ***who are next in line*** to become lead plaintiff given their claimed losses of $661,789.41, have submitted a joint declaration that offers detailed information in support of their adequacy under Rule 23.

*Id*. (emphasis added). The Court then proceeded to analyze Wong's arguments against Medley & Sweeney's adequacy and found them without merit. *See id*. Thus, Wong's repeated claim that the Court inappropriately turned the adequacy analysis into a "beauty contest" is mistaken. *See* Br. 9-10.[8]

In addition to misreading this Court's adequacy analysis, Wong also erroneously claims that any comparative analysis of movants is improper. First, that is not what happened here.

---

a joint declaration was "presumptively cohesive" due to its small size). *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 286 (E.D.N.Y. 2018) (appointing group of 5 investors who had submitted a joint declaration); *Pradeep Mahapatra v. Fuqi Int'l, Inc.*, No. 10 Civ. 2515 (DAB), 2010 WL 11575585, at *5 (S.D.N.Y. July 26, 2010) (appointing group of four investors who had submitted a joint declaration).

[8] Wong claims an experienced lead plaintiff is actually a strike against a proposed lead plaintiff (*see* Br. 9 n.2), citing the PSLRA's "professional plaintiff" provision. This provision, which bars plaintiffs from serving as lead plaintiff in more than five class actions in three years, does not apply here and does not mean experience and sophistication are not important for a lead plaintiff's adequacy. Rather, it means that plaintiffs who "professionally" move over and over in a compressed time period are suspect. Regardless, Medley & Sweeney are not professional plaintiffs and Wong does not claim they are.

Second, there is no controlling Second Circuit authority on this issue, and courts in this Circuit have conducted comparative adequacy analyses when necessary.[9] Here it was not necessary, however, because Wong was first found inadequate.

## CONCLUSION

For the foregoing reasons, Wong's motion for reconsideration should be denied.

Dated: March 23, 2020

Respectfully submitted,

/s/ Laurence J. Hasson
**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  bernstein@bernlieb.com
        lhasson@bernlieb.com
        seidman@bernlieb.com

*Lead Counsel for Lead Plaintiffs and the Proposed Class*

---

[9] *See*, *e.g.*, *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 345 (E.D.N.Y. 2018) ("based on the two remaining movant groups' submissions, ***the Court has compared the adequacy of both proposed groups***, and finds that Nardiello and Wang's arguments do not justify departing from the presumption in favor of the group with the largest financial interest") (emphasis added).  The only appellate cases Wong cites that held that determining adequacy on a lead plaintiff motion is not a comparative analysis are outside the Second Circuit.  *See* Br. 4 (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).  Indeed, one of Wong's citations on this issue, *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535 (S.D.N.Y. 2018), noted that the Second Circuit "has not ruled whether the requirements of the most adequate plaintiff presumption are to be applied serially in order, or whether each requirement is applied to the motion or complaint despite its inability to satisfy all of the presumption's requirements") (citing *Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989(DAB), 2003 WL 21415287, at *4–6 (S.D.N.Y. June 18, 2003)).

**CERTIFICATE OF SERVICE**

I, Laurence J. Hasson., hereby certify that on March 23, 2020, a true and correct copy of the annexed **MEMORANDUM OF LAW IN OPPOSITION TO CHI FUNG WONG'S MOTION FOR RECONSIDERATION** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: March 23, 2020                                   /s/ Laurence J. Hasson.
                                                        Laurence J. Hasson

14