**BERNSTEIN LIEBHARD LLP**
ATTORNEYS AT LAW
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016

_____

(212) 779-1414
FAX: (212) 779-3218
www.bernlieb.com

March 23, 2020

**VIA ECF**

Hon. Naomi Reice Buchwald, Room 21A
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *In re Hexo Corp. Securities Litigation,* **1:19-cv-10965-NRB**

Dear Judge Buchwald:

On February 25, 2020, the Court appointed John B. Medley and Timothy Sweeney as the Lead Plaintiffs in *In re Hexo Corp. Securities Litigation* (the "Order").  *See* ECF No. 78.  On March 10, 2020, Chi Fung Wong ("Wong"), a competing lead plaintiff movant whose motion was denied because he failed to make the requisite *prima facie* showing of his adequacy, took the extraordinary step of moving the Court to reconsider its Order.  *See* ECF Nos. 85-87.  Pursuant to the Court's Individual Practice Rules, Lead Plaintiffs submit this letter outlining their substantive arguments in opposition to Wong's motion.  As set forth herein, and more fully in their opposition brief filed contemporaneously with this letter (the "Opposition" or "Opp."), Wong's motion is completely meritless and should be denied.

As a threshold matter, "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Karp v. Diebold Nixdorf, Inc*., 19 Civ. 6180 (LAP), 2019 WL 6619351, at *1 (S.D.N.Y. Dec. 5, 2019).  Thus, motions for reconsideration are only granted in the very rare circumstance where there is an intervening change in controlling law, new evidence, or a need to correct a clear error or prevent manifest injustice.  *Id*.  Wong does not even come close to meeting this highly demanding standard; in fact, he has no valid basis for his motion.  Courts regularly deny motions to reconsider in the lead plaintiff context, where, as here, the motion is merely premised on a

March 23, 2020
Page 2

losing movant's disappointment in a well-reasoned and well-supported conclusion drawn by a court.[1] Disappointment is not a basis to "relitigate an issue already decided". *Christoforou v. Cadman Plaza N., Inc*., No. 04 Civ. 8403 (KMW), 2009 WL 723003, at *7 (S.D.N.Y. Mar. 19, 2009).

None of the very rare circumstances that could warrant reconsideration exist here.  In its Order, the Court undeniably applied the correct standard for assessing lead plaintiff movants under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), considered all of the arguments made by the competing movants, and provided valid reasons based on facts and applicable case law for its decision to deny Wong's motion and grant Medley & Sweeney's motion.  Thus, Wong's bold claim that the Court's finding here constituted "a clear error of law" (Br. 1, 2, 5) is completely unfounded and should be rejected.

It is black letter law that the statutory lead plaintiff presumption goes to the movant who has the largest financial interest **and** has made a *prima facie* showing of typicality and adequacy. *See* 15 U.S.C. 78u-4.  As reflected in the Order, Wong's motion was deficient because he failed to make a *prima facie* showing of adequacy.  The Court found, *inter alia*, that Wong failed to provide "*any* information regarding his experience in his preliminary motion", only "vague" information about himself on reply, and that the foregoing did not amount to the requisite *prima facie* showing of adequacy under Rule 23.  *Perez*, 2020 WL 905753, at *3.  The Court also considered, *inter alia*, that the dearth of information about Wong precluded "the necessary inquiry into whether Wong has any conflicts with other class members".  *Id*.  This undermined the very purpose of the PSLRA – putting securities class actions in the hands of involved investors, not lawyers.  In the end, the Court rightly "question[ed] whether Wong will meaningfully oversee and control the prosecution of this consolidated class action" and properly denied Wong's motion.  *Id*.[2]

Wong brazenly argues that he met the adequacy standards simply by signing a bare certification and making an equally bare motion – but that is not enough.  Wong ignores that a key part of demonstrating adequacy is showing ability and willingness to oversee counsel and providing enough information to vet possible conflicts.  Wong raised serious concerns on both accounts.  *See Perez*, 2020 WL 905753, at *3.

Wong also tries to distinguish several cases cited to by the Court in the Order (which further demonstrate that there was no "clear error" here), but he fails.  Indeed, Wong ignores the well-settled principle that "resources [and] experience…are [] relevant to…[the] adequa[cy]" inquiry and wrongly compares himself to movants in other cases, such as *Pirelli Armstrong Tire*

---

[1] *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *3 (S.D.N.Y. March 19, 2012).  *See, e.g.*, *Karp*, 2019 WL 6619351, at *1; *Peters*, 2012 WL 946875, at *3; *In re LightInTheBox Holding Co., Ltd. Sec. Litig.*, 2014 WL 129043, at *3 (S.D.N.Y. Jan. 14, 2014).

[2] In reaching its holding, the Court also considered other significant factors evidencing Wong's inadequacy, including whether Wong's motion was authorized when filed and when he retained counsel.  The Order acknowledged these concerns by quoting Michael Luca's submission, in part, as follows: "virtually nothing is known about Chi Fung Wong except his signature to a vanilla certification which does not even indicate that he retained counsel or knows he is moving to be a lead plaintiff".  *Id*. at *3 n.6.

March 23, 2020
Page 3

*Corp. Retiree Medical Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395 (S.D.N.Y. 2004), where the movants were involved institutions and businesses that filed complaints in the action and not, like Wong here, unknown quantities.  *See* Opp. at 9-10.

Wong also claims that the Court improperly turned the adequacy determination into a "beauty contest[,]" *i.e.*, by determining that Medley & Sweeney were *more* adequate than Wong, but that is inaccurate.  ***The Court first found Wong to be inadequate,*** and thus Wong was not entitled to presumptive lead plaintiff status under the PSLRA.  *Perez,* 2020 WL 905753, at *3. The Court then went down the line to Medley & Sweeney and assessed their backgrounds and found them to be adequate based on the substantial amount of information they provided, which amply demonstrated their adequacy.  *Id.*  Regardless, Wong's argument is of no moment because there is no Second Circuit authority precluding comparing one movant's adequacy to another's, nor does he cite any.  *See* Opp. at 13.  Indeed, courts in this District have performed comparative adequacy analyses on lead plaintiff motions when necessary.  *See id.* & n.9.  In any event, the Court's decision here turned on an initial determination of Wong's failure to make a *prima facie* showing of adequacy and not on a beauty contest between the movants.

For these reasons, and those discussed more fully in their Opposition, Lead Plaintiffs respectfully request that the Court deny Wong's motion for reconsideration.

Respectfully submitted,

/s/ Laurence J. Hasson

Laurence J. Hasson

Cc:    All counsel of record (via ECF)