July 30, 2020

**BY E-MAIL & ECF**

# NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
United States

Direct line +1 512 536 5287
peter.stokes@nortonrosefulbright.com

Tel +1 512 474 5201
Fax +1 512 536 4598
nortonrosefulbright.com

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2270
New York, New York 10007-1312

Re:     *In re HEXO Corporation Securities Litigation*, No. 1:19-cv-10965-NRB (DCF)

Dear Judge Buchwald:

We write on behalf of all Defendants pursuant to Your Honor's Individual Practices to: (i) submit courtesy copies of Defendants' Joint Motion to Dismiss the First Amended Class Action Complaint for Violations of the Federal Securities Laws ("FAC") (the "Motion"); and (ii) outline the Motion's substantive arguments. As set forth below, and in greater detail in the Motion, Defendants respectfully request that the Court dismiss the FAC in its entirety with prejudice.

## Background

HEXO is a Québec-based cannabis supplier. After Canada legalized adult-use recreational cannabis on October 17, 2018, HEXO anticipated that the new market would increase the demand for its products. HEXO thus positioned itself to capitalize on the anticipated growth in demand by entering supply agreements with major Canadian cannabis dispensaries, including Québec's government-run dispensary (the "SQDC," and the supply agreement, the "SQDC Agreement"). In January 2019, HEXO completed a U.S. securities offering and began trading on the NYSE American. In March 2019, HEXO acquired Newstrike Brands Ltd. ("Newstrike"), including two greenhouse facilities, to enable HEXO to meet the anticipated growth in demand.

After the Newstrike acquisition, HEXO faced a series of setbacks. *First*, although HEXO achieved its target market share in Québec, the SQDC did not open as many stores as originally expected, and consequently, failed to purchase its full allotment of product during the first year of the SQDC Agreement. The SQDC's allotment was subject to a "take-or-pay" requirement for the first year, meaning HEXO could collect payment if the SQDC fell short of its contractual obligation. HEXO ultimately chose not to enforce the provision because the sales shortfall was industry-wide, and because HEXO wanted to maintain good relations with the SQDC.

*Second,* as a young company in a new industry, HEXO faced a number of setbacks in operations, internal controls, and licensing. These challenges led to a modest restatement of HEXO's financials. HEXO, however, ***disclosed*** these setbacks. For instance, the FAC faults HEXO for "casually disclosing" that it would not enforce its take-or-pay right for 3Q2019. Disclosure, however, is the antithesis of fraud. As another example, the FAC contends that HEXO "shocked" the market in October 2019 by withdrawing its C$400 million annual revenue guidance. Again, disclosing adverse facts is not fraud, and the FAC fails to allege any particularized facts showing that HEXO knew the prior guidance was unachievable at the time it was given. The FAC

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Honorable Naomi Reice Buchwald
July 30, 2020
Page 2

NORTON ROSE FULBRIGHT

also contends that HEXO's laying off of employees, suspension of operations at one of the acquired Newstrike facilities, and inventory impairments (all of which flowed from the SQDC's failure to take its full allotment under the SQDC Agreement) are indicative of fraud. As stated above, however, these setbacks *were disclosed*. The FAC also contends HEXO's licensing issue at one of the acquired Newstrike facilities is indicative of fraud. Although the FAC alleges that HEXO discovered the licensing issue in July 2019, and should have disclosed the issue sooner, the FAC does not allege any particularized facts to show how not disclosing this issue sooner rendered any affirmative statement materially misleading, or how delayed disclosure supports a strong inference of fraud in light of HEXO's numerous other grim disclosures about slower-than-expected sales. Moreover, at the time HEXO discovered the licensing issue, it immediately notified its regulator (Health Canada), ceased all cultivation activities in the unlicensed area, and removed the inventory from circulation. Health Canada stated it was satisfied with HEXO management's corrective actions.

**The FAC Fails to State Securities Act Claims**

Plaintiffs' Securities Act claims are based on the supposition that at the time of HEXO's January 2019 offering, it must have known that it would not sell the SQDC its contractual allotment during the first year of the SQDC Agreement, and that it never intended to enforce its payment right that it touted in the offering documents. As this Court has held, "[w]hen pleading an actionable omission, [p]laintiffs must, at a minimum, plead facts to demonstrate that allegedly omitted facts *both existed, and were known or knowable, at the time of the offering*." *Singh v. Schikan*, 106 F. Supp. 3d 439, 446 (S.D.N.Y. 2015) (Buchwald, J.) (quotation marks omitted). As explained in the Motion, courts consistently have rejected Securities Act claims premised on conclusory assertions that companies must have known about future business decisions that were disclosed later. Plaintiffs cannot state a viable Securities Act claim by relying on hindsight. *See Scott v. Gen. Motors Co.*, 46 F. Supp. 3d 387, 394 (S.D.N.Y. 2014).

The FAC also contends that statements about the take-or-pay right were misleading because the SQDC was HEXO's most important customer, which allegedly increased the risk that HEXO might not enforce its payment right as a concession if the SQDC's purchases fell short, particularly since its purchases were already behind at the time of the offering. Plaintiffs cannot state a Securities Act claim when purportedly omitted facts were disclosed. *See Y-Gar Capital LLC v. Credit Suisse Grp. AG*, 2020 WL 71163, at *4 (S.D.N.Y. Jan. 2, 2020) (citing *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 135 (2d Cir. 2011)). HEXO's offering documents made clear that the SQDC was an important business partner, that maintaining a strong, long-term relationship with the SQDC was important to HEXO, and that there was no take-or-pay right beyond the first year of the SQDC Agreement. The offering documents also made clear that the SQDC's purchases were modest during the first few months following legalization.

Plaintiffs' Section 12(a)(2) claims also fail for the independent reason that Plaintiffs lack standing. Plaintiffs do not allege that they purchased their HEXO securities in the initial public offering, and Plaintiffs' certifications demonstrate they purchased the securities in the secondary market. *See Caiafa v. Sea Containers Ltd.*, 331 F. App'x 14, 16-17 (2d Cir. 2009) (purchasers in a secondary market lack standing to bring Section 12(a)(2) claim).

Honorable Naomi Reice Buchwald
July 30, 2020
Page 3

NORTON ROSE FULBRIGHT

Consequently, Plaintiffs' Securities Act claims fail, as they may not rely on hindsight to plead a claim, the facts giving rise to the purportedly undisclosed risk were disclosed, and independently, they lack standing to bring a claim under Section 12(a)(2).

## The FAC Fails to State Exchange Act Claims

Plaintiffs' Exchange Act claims fail because the FAC does not plead a strong inference of scienter. 15 U.S.C. § 78u-4(b)(2). Generic allegations that HEXO's officers wanted to inflate the value of their unexercised stock options does not show scienter. *In re Skechers USA, Inc. Sec. Litig.*, No. 18 Civ. 8039 (NRB), 2020 WL 1233759, at *17 (S.D.N.Y. Mar. 12, 2020) (Buchwald, J.). Notably absent from the FAC is any allegation that HEXO executives engaged in suspicious trading or reaped wrongful profits,[1] or that HEXO officers knew of specific facts that contradicted their disclosures.[2] Although the FAC goes to great lengths to paint HEXO's post-offering statements as indicative of fraud, the statements prove the opposite—that HEXO experienced various setbacks ***and candidly disclosed them***. Disclosure is not indicative of fraud. *See, e.g.*, *In re Magnum Hunter Res. Corp. Secs. Litig.*, 26 F. Supp. 3d 278, 297-98 (S.D.N.Y. 2014) (no scienter where company "clearly made numerous accounting errors and revealed internal control weaknesses in dribs and drabs"; allegations showed defendants "were in a constant game of 'Catch up' – acknowledging the company's material weaknesses and disclosing their continued efforts to resolve them, only to learn of yet more," and did not support strong inference of scienter), *aff'd*, 616 F. App'x 442 (2d Cir. 2015). Consequently, Plaintiffs' Exchange Act claims fail.

## The Claims Based on Opinions and Forward-Looking Statements Fail on the Pleadings

To the extent Plaintiffs' claims concern HEXO's forward-looking statements, they are barred, as those statements were accompanied by meaningful cautionary language. *See Rombach v. Chang*, 355 F.3d 164, 173 (2d Cir. 2004) (statements in offering documents accompanied by meaningful cautionary language shielded by the bespeaks caution doctrine); *Lopez v. Ctpartners Executive Search Inc.*, 173 F. Supp. 3d 12, 24-25 (S.D.N.Y. 2016) (forward-looking statements accompanied by meaningful cautionary language shielded by the PSLRA safe harbor). Plaintiffs have likewise failed to overcome the protections for statements of opinion.

## The FAC Fails to State a Control Person Claim

Plaintiffs' control person claims fail because the FAC does not allege a viable primary violation. *See Singh*, 106 F. Supp. 3d at 446 (dismissing Section 15 claims for failure to allege primary violation); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007) (Section 20(a) claim requires primary violation). The control person claims also fail because Plaintiffs fail to allege any meaningful culpable conduct by any individual defendant. *See Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 485 (S.D.N.Y. 2010) (Section 15); *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 438 (S.D.N.Y. 2014) (Section 20(a)).

---

[1] *Gillis v. QRX Pharma Ltd.*, 197 F. Supp. 3d 557, 600 (S.D.N.Y. 2016) (absence of allegations of concrete motive weighs heavily against inference of fraud).

[2] *E.g.*, *Holbrook v. Trivago N.V.*, No. 17 Civ. 8348 (NRB), 2019 WL 9848809, at *21 (S.D.N.Y. Feb. 26, 2019) (Buchwald, J.) (no scienter where plaintiffs failed to identify any reports or statements containing facts that defendants had access to at the time they made purportedly misleading statements).

Honorable Naomi Reice Buchwald
July 30, 2020
Page 4

NORTON ROSE FULBRIGHT

*          *          *

Defendants respectfully submit the FAC should be dismissed in its entirety, with prejudice, under Federal Rules of Civil Procedure 9(b) and 12(b)(6), and the PSLRA. Furthermore, in accordance with Your Honor's Individual Practices, Defendants respectfully request oral argument on the Motion.

Respectfully submitted,

*/s/ Peter A. Stokes*

Peter A. Stokes

Enclosures

cc:     (by ECF)

Stanley D. Bernstein
Laurence J. Hasson
Joseph R. Seidman, Jr.
Lisa Sriken