UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

In re HEXO Corp. Securities
Litigation

**MEMORANDUM AND ORDER**

19 Civ. 10965 (NRB)

-----------------------------------

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Before the Court is movant Chi Fung Wong's ("Wong") motion for reconsideration of the Court's order appointing John B. Medley and Timothy Sweeney ("Medley and Sweeney") as lead plaintiffs in this action against HEXO Corp.  Because Wong mischaracterizes the Court's ruling and fails to identify controlling authority that the Court overlooked, his motion is denied.

**I.   Discussion**[1]

Reconsideration of a prior decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  Accordingly, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "may not be used to relitigate old matters, or

_____
[1] The Court assumes familiarity with its prior decision.

1

to raise arguments or present evidence that could have been raised
prior to the entry of judgment." 4 Pillar Dynasty LLC v. New York
& Co., Inc., 933 F.3d 202, 216 (2d Cir. 2019) (quotation marks
omitted).

Wong, whose counsel undoubtedly is disappointed in the
outcome of the Court's ruling, has failed to demonstrate that
reconsideration is warranted. While Wong argues that the Court
committed "clear error" when it concluded that Wong failed to meet
his burden on adequacy, his basis for that claim -- that a *prima
facie* showing of adequacy purportedly requires "nothing more than
the movant's PSLRA certification, a calculation of the movant's
damages, and a resume or curriculum vitae from the movant's counsel
showing its experience in the field of securities litigation," ECF
No. 91 at 7 -- is, if anything, at odds with the PSLRA's text and
structure. If Wong were correct that "[his] financial interest in
the case and his decision to retain a nationally-recognized,
experienced securities litigation firm entitled him to the
statutory 'presumption' of lead plaintiff," ECF No. 86 at 6, the
PSLRA's express requirement that the presumptively most adequate
plaintiff "otherwise satisf[y] the requirements of Rule 23" would

be superfluous.[2]  In any event, ample case law supports what one would have thought is an uncontroversial point -- namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication.  See, e.g., Karp v. Diebold Nixdorf, Inc., No. 19 Civ. 6180 (LAP), 2019 WL 5587148, at *5 (S.D.N.Y. Oct. 30, 2019) (expressing skepticism that individual investor lead plaintiff applicants were "equipped to serve as lead plaintiff" where they had, inter alia, "provided the Court with little to go on with respect to their alleged capacity to manage this litigation").

Wong's second argument (i.e., that the Court erred when it purportedly engaged in a "beauty contest" between the competing lead plaintiffs, see ECF No. 86 at 14) mischaracterizes the Court's ruling.  The Court first explained: (1) that Wong had not provided any information regarding his background or investment experience in his preliminary motion; (2) that the limited additional information included in the declaration submitted with Wong's reply fared little better; and (3) that the dearth of information not only precluded the necessary inquiry into whether Wong had any

---

[2] As the Court explained in its ruling, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];
(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; **and**
(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

conflicts with other class members, but also caused the Court to question whether Wong would meaningfully oversee the litigation. See ECF No. 78 at 7-8 (expressing "skeptic[ism] that Wong –- an individual investor about whom little is known -- possesse[d] the requisite sophistication to serve as lead plaintiff," and explaining that in light of "Wong's failure to provide *any* information regarding his experience in his preliminary motion, the Court question[ed] whether Wong w[ould] meaningfully oversee and control the prosecution of th[e] . . . action"). Only then did the Court turn to an assessment of whether Medley and Sweeney -- whose losses, while smaller, were hardly of a different magnitude -- had made the requisite showing.

Wong's "beauty contest" argument fails regardless because the purported "blanket prohibition" against comparing movants on the basis of adequacy is unsupported by controlling authority.[3]  Wong accordingly cites In re Cavanaugh, 306 F.3d 726 (9th Cir. 2002) for the proposition that once a court determines which plaintiff has the largest stake, the court must appoint that plaintiff as lead unless it finds that he does not satisfy the typicality or adequacy requirements.  See ECF No. 86 at 6.  Here, because the Court found that Wong failed to satisfy the adequacy requirement, the Court plainly was *not* required, under the reasoning in

---

[3] Wong concedes as much in his motion.  See ECF No. 91 at 10 (acknowledging "the absence of controlling Second Circuit authority" on point).

Cavanaugh, to appoint him lead plaintiff.  Wong similarly cites In re Cendant Corp. Litig., 264 F. 3d 201, 268 (3d Cir. 2001) for the proposition that once the adequacy "presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class . . .").  See ECF No. 91 at 11.  Again, because the Court found that that the presumption had not been triggered, Wong's reliance on that non-binding decision is misplaced.[4]

Finally, while the PSLRA was expressly designed to limit lawyer-driven litigation, it is well understood that "securities class litigation continues to be lawyer-driven in material respects and [that] the reforms Congress contemplated in the Reform Act can be achieved, if at all, only with some help from the courts."  In re Razorfish, Inc. Sec. Litig., 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001).  This unsupported motion is a testament to that observation.

## II.  Conclusion

Wong's motion is denied.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 85, and is further directed to amend the case caption pursuant to this Court's order of February 25, 2020, see ECF No. 78 (consolidating the

---

[4] Tellingly, Wong cites only two cases that are actually binding upon this Court, see ECF No. 86 at 7; ECF No. 91 at 7, both of which are cited to establish the legal standard applicable on a motion for reconsideration, and neither of which have any bearing on the Court's purported error.

underlying cases under the caption <u>In re HEXO Corp. Securities</u>

<u>Litigation</u>).

       **SO ORDERED.**

Dated:  New York, New York
        September 11, 2020

                               NAOMI REICE BUCHWALD
                               UNITED STATES DISTRICT JUDGE